# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ANGELO DELPRIORE,<br>JR.,<br><br>　　　　　Defendant. | Case No. 3:18-cr-00136-SLG |

## ORDER RE SECOND MOTION TO RECONSIDER

At Docket 331, Defendant Michael Delpriore filed a renewed motion seeking reconsideration of the Court's order at Docket 197 that denied his motion to suppress. With the Court's permission, the government filed an opposition to the motion at Docket 337, to which Mr. Delpriore replied at Docket 343.

The Court previously held that "Mr. Delpriore's missing front license plate provided probable cause for an arrest."[1] The Court relied on *Hamilton v. State*, 59 P.3d 760 (Alaska Ct. App. 2002). Mr. Delpriore asserts that the Court erred in this regard, because *Hamilton* related to a violation of section (b) of the applicable statute, Alaska Statute 28.10.171, while Mr. Delpriore is alleged to have violated section (a) of that statute.[2] He maintains that a violation of section (a) is not an arrestable

---

[1] Docket 197 at 11.

[2] *But see Roberts v. State*, 700 P.2d 815, 817 (Alaska Ct. App. 1985) (holding that former AS 28.35.230(b) (renumbered AS 28.90.010(a)) "is a generic penalty provision, broadly applicable to

offense, and points to a recent amendment of the statute that eliminated the need for a front license plate for noncommercial vehicles and the legislative history for that enactment, which indicates that the failure to have a front plate has not resulted in any arrests, but rather only a few citations or "fix it" tickets. Mr. Delpriore urges this Court to defer to the Alaska Legislature's and Alaska State Troopers' interpretation of the statute. Mr. Delpriore also included with his motion a photograph of his vehicle taken on August 8, 2018, which depicts a front license plate secured to the inside of the front windshield.[3] He maintains that this demonstrates there was no probable cause to arrest him for the lack of the front plate.

The government responds that pursuant to the Alaska law that was in effect at the time of the stop, the officers had probable cause to arrest him because his vehicle did not legibly display a front license plate. As to the photo from inside the vehicle, the government maintains this is not newly discovered evidence and, in any event, the plate was obscured behind the vehicle's darkly tinted front windshield. The government maintains that the fact that Mr. Delpriore never raised this issue until after trial "corroborates officer testimony that the license plate was imperceptible to the officers."[4]

---

violations of all Title 28 provisions" for which another penalty is not specifically provided).

[3] Exhibit G, Docket 331-7.

[4] Docket 337 at 5.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Second Motion to Reconsider
Page 2 of 4
Case 3:18-cr-00136-SLG-MMS   Document 347   Filed 01/04/23   Page 2 of 4

In his reply, Mr. Delpriore asserts that the legislative history from the recent statutory amendment is "newly discovered evidence" that refutes this Court's conclusion that a violation of Alaska Statute 28.10.171(a) is an arrestable offense.

Citing to *Whren v. United States*, 517 U.S. 806, 813-19 (1996), the *Hamilton* court stated,

> the Supreme Court rejected the doctrine of the "pretext" traffic stop and held instead that, no matter what may have prompted police officers' interest in a vehicle or its occupants, a traffic stop is legal so long as the officers had probable cause to believe that a violation of the traffic code (or any other violation of the law) had occurred in their presence.[5]

Here, the officers had probable cause to believe that Mr. Delpriore was violating the then-existing license plate law, and that violation was occurring in their presence. The Fourth Amendment accordingly did not preclude their arrest of Mr. Delpriore.[6] The fact that it appears there actually was a front license plate taped inside to the dark windshield does not negate Officer Proegler's reasonable belief that there was no front license plate, based on what he saw as he approached the vehicle, as probable cause does not require certainty or absolute correctness.[7]

---

[5] *Hamilton*, 59 F.3d at 765. *See also State v. Clayton*, 584 P.2d 1111 (Alaska 1978) (holding that prosecution for a traffic infraction is a quasi-criminal proceeding to which certain criminal procedures, including the issuance of bench warrants for the arrest of traffic violators, are applicable).

[6] *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

[7] *See United States v. Lopez-Soto*, 205 F.3d 1101, 1106 (9th Cir. 2000).

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Second Motion to Reconsider
Page 3 of 4

Case 3:18-cr-00136-SLG-MMS   Document 347   Filed 01/04/23   Page 3 of 4

For the foregoing reasons, the second motion to reconsider at Docket 331 is DENIED.

DATED this 4th day of January, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Second Motion to Reconsider
Page 4 of 4
Case 3:18-cr-00136-SLG-MMS   Document 347   Filed 01/04/23   Page 4 of 4