# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL ANGELO DELPRIORE, JR.,<br><br>        Defendant. | Case No. 3:18-cr-00136-SLG-MMS |

### ORDER RE RENEWED MOTION FOR JUDGMENT OF ACQUITTAL [FRCrP 29] AND MOTION FOR NEW TRIAL [FRCrP 33]

At the close of the government's case-in-chief during the jury trial in this case, defendant Michael Delpriore moved for a judgment of acquittal as to Counts 1, 2, and 3 of the Superseding Indictment at Docket 28 pursuant to Federal Rule of Criminal Procedure 29.[1] He renewed the motion after the jury returned a guilty verdict on Count 4. The Court reserved ruling on the motion.[2] Following trial, Mr. Delpriore filed a written *Renewed Motion for Judgment of Acquittal [FRCrP 29]*. The government filed a response in opposition to the motion at Docket 327. Mr. Delpriore also filed a *Motion for New Trial [FRCrP 33]* at Docket 322, to which the government responded in opposition at Docket 329-1.

---

[1] Docket 295 (minute entry).

[2] Docket 295 (minute entry).

## I. Standard for a Rule 29 Motion for Judgment of Acquittal

Pursuant to Rule 29, a court must decide the motions for judgments of acquittal "on the basis of the evidence at the time the ruling was reserved."[3] The Court assesses the evidence to determine whether it is sufficient to sustain a conviction.[4] The evidence is sufficient to sustain a conviction if, "viewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt.'"[5] The "evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case."[6]

When viewing the evidence in the light most favorable to the government, a court does not determine witness credibility and does not consider how it would have resolved conflicts in the evidence.[7] "Therefore, in a case involving factual disputes and credibility determinations, we 'must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'"[8]

---

[3] Fed. R. Crim. P. 29(b).

[4] Fed. R. Crim. P. 29(a).

[5] *United States v. Rosales*, 516 F.3d 749, 751–52 (9th Cir. 2008) (quoting *United States v. Hinton*, 222 F.3d 664, 669 (9th Cir. 2000)).

[6] *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc).

[7] *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002).

[8] *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012) (quoting *Nevils*, 598 F.3d at 1164) (ellipsis in *H.B.*).

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Renewed Motion for Judgment of Acquittal; Motion for New Trial
Page 2 of 10
Case 3:18-cr-00136-SLG-MMS   Document 349   Filed 01/05/23   Page 2 of 10

## II. Standard for a Rule 33 Motion for New Trial

Rule 33(a) provides that a court "may vacate any judgment and grant a new trial if the interest of justice so requires." "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal."[9] When reviewing a motion for new trial, in contrast to when considering a Rule 29 motion, a district court is not required to view the evidence in the light most favorable to the verdict; instead, a court may independently weigh the evidence and evaluate the credibility of the witnesses.[10] "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury."[11] A new trial should only be granted "in exceptional cases in which the evidence preponderates heavily against the verdict."[12]

## III. Count 1: Possession of Heroin with Intent to Distribute

The jury was instructed on the essential elements of the offense as follows:

---

[9] *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992) (citing 3 Wright, Federal Practice and Procedure, Criminal § 553 at 245 (1982)).

[10] *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (citing *Alston*, 974 F.2d at 1211 (citation omitted)).

[11] *Alston*, 974 F.2d at 1211–12 (citing *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

[12] *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (quoting 2 Wright, Federal Practice and Procedure, Criminal § 553 at 487 (1969)).

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Renewed Motion for Judgment of Acquittal; Motion for New Trial
Page 3 of 10
Case 3:18-cr-00136-SLG-MMS   Document 349   Filed 01/05/23   Page 3 of 10

(1) On or about August 7, 2018, the defendant knowingly possessed a controlled substance; and

(2) The defendant possessed the controlled substance with the intent to distribute it to another person.

The focus of Count 1 was the 138 grams of heroin that was found hidden behind the dashboard in Mr. Delpriore's vehicle. Mr. Delpriore maintains there was insufficient evidence to show that he knowingly possessed the heroin. A jury may properly infer that a defendant who is the driver and sole occupant of a vehicle knows about contraband hidden in the vehicle.[13] A jury can also infer knowledge from possession of a large quantity of drugs.[14] The evidence presented in the government's case-in-chief meets both criteria, and constitutes sufficient evidence to support the jury's determination that Mr. Delpriore knowingly possessed the heroin.

Mr. Delpriore also asserts that the government presented insufficient evidence that he intended to distribute the heroin. But intent to distribute may reasonably be inferred where a defendant possesses "an amount [of a controlled substance] not ordinarily associated with personal use."[15] As testified to by Detective Randy Adair,

---

[13] *United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003); *United States v. Davila-Escovedo*, 36 F. 3d 840, 842 (9th Cir. 1994).

[14] *United States v. Cervantes*, 219 F.3d 882, 893 (9th Cir. 2000), *abrogated on other grounds by Brigham City v. Stuart*, 547 U.S. 398 (2006).

[15] *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1113 (9th Cir. 2000); *United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir. 1988) ("Intent to distribute may be inferred from the purity, price, and quantity of the drug possessed.").

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Renewed Motion for Judgment of Acquittal; Motion for New Trial
Page 4 of 10
Case 3:18-cr-00136-SLG-MMS   Document 349   Filed 01/05/23   Page 4 of 10

the amount of heroin that Mr. Delpriore possessed was considerable—well over two months' worth of daily doses of heroin.[16] In addition, the digital scale, loaded firearm, and cash in the vehicle all constituted probative evidence of an intent to distribute.[17] The Court finds that there was sufficient evidence for a rational jury to conclude beyond a reasonable doubt that Mr. Delpriore intended to distribute the heroin.

Mr. Delpriore asserts that "even if the evidence is found sufficient to sustain the verdict," the Court should nonetheless grant a new trial on Count 1 because the evidence at trial "preponderates heavily against the verdict."[18] As to Count 1, the Court does not find this to be an exceptional case that warrants a new trial. Rather, the evidence presented at trial, as summarized by the government in its opposition to the motion for a new trial,[19] weighs heavily in support of the verdict that the jury reached on this count.

### IV. Count 2: Possession of Methamphetamine with Intent to Distribute

The jury was instructed the same as for Count 1 on Count 2, which related to approximately four grams of 98% pure methamphetamine that was found in two separate baggies, both in Mr. Delpriore's jacket, which he had removed as he exited the vehicle and it was later searched.

---

[16] Docket 324 at 20.

[17] *Savinovich*, 845 F.2d at 837.

[18] Docket 322 at 2 (citing *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (quotation omitted)).

[19] Docket 329-1 at 2-13.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Renewed Motion for Judgment of Acquittal; Motion for New Trial
Page 5 of 10
Case 3:18-cr-00136-SLG-MMS   Document 349   Filed 01/05/23   Page 5 of 10

Mr. Delpriore maintains there was an insufficient quantity of methamphetamine for the jury to infer an intent to distribute. He maintains that "[a] mere 4 grams of methamphetamine is consistent with personal use and there was no testimony that any methamphetamine or methamphetamine-like substance was found on the scale."[20] Mr. Delpriore cites to two cases to support this assertion. In *United States v. Hernandez*, 476 F.3d 791, 799 (9th Cir. 2007), the Ninth Circuit cited to *Turner v. United States*, 396 U.S. 398, 422-23 (1970), for the proposition that at one end of the evidentiary spectrum there are "cases where the value and quantity of drugs possessed by the defendant are such that no reasonable jury could find an intent to distribute." In *Turner,* the Supreme Court invalidated a conviction where the jury had been instructed that the possession of a small amount of a sugar and cocaine mixture constituted a sufficient predicate for concluding that the possessor was dispensing or distributing the cocaine.[21]

Here, there was sufficient evidence from which a reasonable jury could conclude that Mr. Delpriore intended to distribute at least some of the methamphetamine. As testified to by Detective Adair, the usual personal dose per day of methamphetamine is a couple tenths of a gram at a time to get high, and that "it wouldn't be uncommon for somebody to use a gram a day."[22] He acknowledged

---

[20] Docket 321 at 3.

[21] 396 U.S. at 422–23.

[22] Docket 324 at 20.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Renewed Motion for Judgment of Acquittal; Motion for New Trial
Page 6 of 10
Case 3:18-cr-00136-SLG-MMS   Document 349   Filed 01/05/23   Page 6 of 10

that four grams is "on the border" as between personal use and distribution.[23] Considering this evidence in the light most favorable to the prosecution, together with the fact that the methamphetamine was in two separate baggies, and also in the vehicle was a scale (albeit without white residue), a loaded firearm, over $1,000 in cash, and the considerable amount of heroin, there was sufficient evidence from which a rational jury could have found an intent to distribute at least some of the methamphetamine beyond a reasonable doubt.

And, while it presents a considerably closer question than with respect to the distribution of heroin, the Court finds that the evidence presented during the government's case-in-chief does not preponderate heavily against the jury's verdict with respect to Court 2.

### V. Count 3: Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Mr. Delpriore maintains there was insufficient evidence that he knowingly possessed the firearm, as "[t]here were no prints or DNA evidence presented."[24] But based on the evidence of Mr. Delpriore's accessibility and proximity to the firearm in the steering column directly in front of him,[25] and the testimony regarding his

---

[23] Docket 324 at 21.

[24] Docket 321 at 4.

[25] *See United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004) (holding there was sufficient evidence to support a § 924(c) conviction when firearms "[are] strategically located within easy reach in a room containing a substantial quantity of drugs and drug trafficking paraphernalia").

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Renewed Motion for Judgment of Acquittal; Motion for New Trial
Page 7 of 10
Case 3:18-cr-00136-SLG-MMS   Document 349   Filed 01/05/23   Page 7 of 10

"suspicious or furtive movements inside the car" during this incident,[26] there was sufficient evidence from which a rational jury could reasonably conclude beyond a reasonable doubt that Mr. Delpriore knowingly possessed the handgun. And with respect to the motion for a new trial on this count, the Court does not find that the evidence presented heavily predominates against the jury's verdict on Count 3.

Mr. Delpriore also maintains that "because the Government did not present sufficient evidence on Counts 1 and 2, Count 3 must fail as there is no drug trafficking offense to anchor the count."[27] However, because the Court has found sufficient evidence and denies a new trial on both Counts 1 and 2, the jury's verdict as to Count 3 will not be vacated.

**VI. Count 4: Felon in Possession of a Firearm**

The trial was bifurcated and Count 4 was presented to the jury after it had returned verdicts on Counts 1 through 3. As to this count, Mr. Delpriore asserts that the government did not present evidence of interstate nexus to the grand jury. But Mr. Delpriore's speculation about what evidence was or was not presented to the grand jury is not a basis to set aside Count 4 or to conduct a new trial on that charge.[28]

---

[26] *See United States v. Gutierrez*, 995 F.2d 169, 172 (9th Cir. 1993) (holding officer testimony that they saw suspicious or furtive movements inside the car supported jury's finding of knowing possession of contraband within the vehicle).

[27] Docket 321 at 4.

[28] *Cf. United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (holding that defendant not entitled to disclosure of grand jury materials based on "unsubstantiated, speculative assertions of improprieties in the proceedings") (quotation omitted).

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Renewed Motion for Judgment of Acquittal; Motion for New Trial
Page 8 of 10
Case 3:18-cr-00136-SLG-MMS   Document 349   Filed 01/05/23   Page 8 of 10

Mr. Delpriore also asserts that "the government constructively amended the indictment by expanding the conduct for which the defendant could be found guilty beyond its bounds."[29] Specifically, the First Superseding Indictment charged that the firearm was "in and affecting interstate commerce." But at trial, the jury was instructed that the government needed to prove that the firearm was "transported from one state to another or between a foreign nation and the United States."[30]

Mr. Delpriore's argument on this point is foreclosed by Ninth Circuit precedent. In *United States v. Alvarez*, 972 F.2d 1000 (9th Cir. 1992), the indictment used the term "interstate commerce," while the evidence at trial was that the firearm had only travelled in foreign commerce—from a foreign country directly to a port of entry in California, where Alvarez was indicted. The Ninth Circuit held that evidence that the firearm had been manufactured outside of the United States "was sufficient to prove that the firearm had moved in interstate commerce."[31] The Circuit specifically rejected Alvarez's assertion that a constructive amendment of the indictment had occurred, stating "[t]he fact that the indictment referred specifically to interstate commerce had no effect on Appellant's constitutional rights. There was no constructive amendment of the indictment, and the variance was not prejudicial to

---

[29] Docket 321 at 5 (citing *Stirone v. United States*, 361 U.S. 212, 214 (1960)).

[30] *Compare* Docket 28 at 3 with Docket 309 at 3.

[31] *Alvarez*, 972 F.2d at 1003.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Renewed Motion for Judgment of Acquittal; Motion for New Trial
Page 9 of 10
Case 3:18-cr-00136-SLG-MMS   Document 349   Filed 01/05/23   Page 9 of 10

Appellant."[32]  Here too, the variance was not prejudicial to Mr. Delpriore, as he was accorded complete discovery in this case, including the ATF report that identified the firearm's country of origin as Croatia.  For these reasons, an acquittal or a new trial on Count 4 is not warranted.

## CONCLUSION

For the foregoing reasons, the Renewed Motion for Judgment of Acquittal at Docket 321 and the Motion for New Trial at Docket 322 are each DENIED.

DATED this 5th day of January, 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[32] *Id*. at 1004.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Renewed Motion for Judgment of Acquittal; Motion for New Trial
Page 10 of 10
Case 3:18-cr-00136-SLG-MMS   Document 349   Filed 01/05/23   Page 10 of 10