# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL ANGELO DELPRIORE, JR.,<br><br>    Defendant. | Case No. 3:18-cr-00136-SLG-MMS |

## ORDER RE MOTION TO STRIKE ENHANCED STATUTORY PENALTY PROVISIONS

Before the Court at Docket 359 is Defendant's *Motion to Strike Enhanced Statutory Penalty Provisions*. The Government responded in opposition to the motion at Docket 365,[1] and Defendant filed a reply at Docket 370.[2] At sentencing, the Court indicated it would grant the motion and proceed with sentencing. This order explains the Court's reasoning.

## BACKGROUND

In 2014, Defendant Michael Delpriore was convicted in Alaska state court of Misconduct Involving a Controlled Substance in the Third Degree (MICS3) for an offense committed in May 2013.[3] He was also convicted in 2009 in state court for

---

[1] *See also* Docket 367 (Notice of Filing CD Conventionally).

[2] *See also* Docket 369 (Declaration of Defendant).

[3] Docket 30 at 1; Docket 365-4 at 4.

Misconduct Involving a Controlled Substance in the Fourth Degree.[4] In 2022, Mr. Delpriore was convicted in this case of four federal offenses involving drugs and firearms.[5] One of those convictions—Count 1 of the First Superseding Indictment—was for "knowingly and intentionally possess[ing] with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).[6] 21 U.S.C. § 841(b)(1)(B) contains an enhanced penalty provision that increases the mandatory minimum sentence to 10 years for a defendant convicted pursuant to that section if the defendant also has a prior conviction for a "serious drug felony."

Prior to the First Step Act of 2018 (FSA), § 841(b) "provided for enhanced mandatory minimums (or increased maximums) for those defendants who had a prior conviction for a 'felony drug offense.'"[7] For enhancement under this prior scheme, "the government had to prove that the defendant had been convicted of an offense 'that prohibits or restricts conduct relating to' certain drug categories and that was punishable by imprisonment for more than one year."[8] When the FSA was enacted, it replaced "felony drug offense" with "serious drug felony," a

---

[4] Docket 30 at 1.

[5] Docket 359 at 2-3; Docket 308; Docket 310.

[6] Docket 28 at 2; Docket 308 at 1.

[7] *United States v. Fields*, 435 F. Supp. 3d 761, 763 (E.D. Ky. 2020), *vacated and remanded*, 44 F.4th 490 (6th Cir. 2022), *and aff'd in part, vacated in part on other grounds, and remanded*, 53 F.4th 1027 (6th Cir. 2022).

[8] *Fields*, 435 F. Supp. 3d at 763 (citing 21 U.S.C. § 802(44)).

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 2 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 2 of 14

new term with additional elements.[9] A "serious drug felony" is a "serious drug offense" as defined in 18 U.S.C. § 924(e)(2) and one for which (1) "the offender served a term of imprisonment of more than 12 months," and (2) "the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."[10] "When 'felony drug offense' was the operative definition, the government—in effect—had to prove only the fact of a prior felony conviction for a qualifying offense. The FSA's shift to 'serious drug felony' predicates altered the type of proof required to trigger enhanced mandatory sentences under §§ 841(b)(1)(A)–(B) . . . ."[11]

Prior to the jury trial in this case, the Government filed a notice informing Mr. Delpriore that it was asserting that he was subject to enhanced penalties with respect to his federal drug charges due to his prior state drug convictions.[12] After Mr. Delpriore was convicted, the Government filed its Sentencing Memorandum asserting that Mr. Delpriore faced a minimum sentence of 10 years on Count 1 pursuant to 21 U.S.C. § 841(b)(1)(B) because his MICS3 state conviction was a "serious drug felony."[13] Mr. Delpriore then filed his Motion to Strike Enhanced

---

[9] First Step Act, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220 (2018).

[10] 21 U.S.C. § 802(57). Two paragraphs (57) were enacted in 21 U.S.C. § 802; the Court refers to the second of those paragraphs.

[11] *Fields*, 435 F. Supp. 3d at 764.

[12] Docket 30.

[13] Docket 357 at 8.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 3 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 3 of 14

Statutory Penalty Provisions with respect to Count 1 alleging that, among other points, the Government had not proved to a jury that his MICS3 conviction constituted a "serious drug felony," and therefore the statutory enhancement could not apply.[14]

## DISCUSSION

### I. Requirement for Jury Finding

The First Superseding Indictment alleges that Mr. Delpriore had previously committed a "serious drug felony," the MICS3 offense, at the time he committed the offense in Count 1, possession of heroin with an intent to distribute.[15] Mr. Delpriore does not dispute that he has a MICS3 conviction, but he maintains that the Government did not submit the "necessary facts" to the jury—and the jury did not find beyond a reasonable doubt—that the MICS3 offense constituted a "serious drug felony."[16] Mr. Delpriore asserts that the facts of whether he "served a term of imprisonment of more than 12 months" and "was released from that term of imprisonment within 15 years of the commencement of the instant offense" constitute facts "*about* a prior conviction" and do not constitute "the fact *of* a prior

---

[14] Docket 359 at 11-14.

[15] *See* Docket 28 at 4 ("At the time MICHAEL ANGELO DELPRIORE, JR. committed the offense charged in Count 1, he had a conviction that had become final for a serious drug felony, Misconduct Involving A Controlled Substance In The Third Degree in case 3HO-13-00206CR, for which he served more than 12 months of imprisonment and for which his release from any term of imprisonment related to that offense was within 15 years of the commencement of the offense charged in Count 1.").

[16] Docket 359 at 14.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 4 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 4 of 14

conviction."[17]  Mr. Delpriore maintains that it would violate his Sixth Amendment right to a jury trial for the Court, and not a jury, to find the facts regarding "the length of time the defendant served in prison and the date upon which he was released," because these are facts that increase the mandatory minimum sentence and therefore are elements of the Count 1 charge that must be submitted to a jury and found beyond a reasonable doubt.[18]

The Government asserts that there was no need to submit these questions to the jury, because the exception of "the fact of a prior conviction" includes "issues of fact about that prior conviction, including the sentence imposed, length of time that was served, and date of release."[19]  The Government references 21 U.S.C. § 851, which provides that "[t]he court shall hold a hearing to determine any issues raised by the [defendant's] response which would except the person from increased punishment."

The Fifth Amendment states that no one shall be "deprived of life, liberty or property without due process of law."  The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."  The Sixth Amendment, in conjunction with the Fifth Amendment Due Process Clause, places "the contested elements of an offense

---

[17] Docket 359 at 11-12.

[18] Docket 359 at 13-14.

[19] Docket 365 at 11.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 5 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 5 of 14

within a jury's sole purview."[20]  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[21]  A federal sentencing judge "can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of."[22] Recidivism, or "the fact of a prior conviction," is an "exceptional departure from" and "narrow exception to the general rule" that requires a jury, and not a judge, to make sentencing enhancement findings.[23]  *Almendarez-Torres v. United States*,[24] which created this narrow exception, has been questioned by the Supreme Court but not overturned.[25]  "To date, no Supreme Court authority has addressed whether the *Almendarez-Torres* recidivism exception applies in a post-FSA world, where defendants may contest, factually and legally, whether a prior conviction qualifies as a 'serious drug felony.'"[26]

---

[20] *See Alleyne v. United States*, 570 U.S. 99, 104, 108 (2013) (holding that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt").

[21] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

[22] *Mathis v. United States*, 579 U.S. 500, 511-12 (2016).

[23] *Apprendi*, 530 U.S. at 487, 490.

[24] 523 U.S. 224 (1998).

[25] *See Apprendi*, 530 U.S. at 489-90 ("Even though it is arguable that *Almendarez-Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, . . . we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule . . . ." (footnote omitted)).

[26] *Fields*, 435 F. Supp. 3d at 764.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 6 of 14

Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 6 of 14

The First Step Act's definition of a "serious drug felony" incorporates the definition of a "serious drug offense" from 18 U.S.C. § 924(e)(2)(A) and also obligates the government to prove two additional facts about a prior conviction: that the defendant actually served more than one year in prison for the prior offense and that the defendant's "release from any term of imprisonment was within 15 years of the commencement of the instant offense."[27] It is well established that whether a particular crime constitutes a "serious drug offense" pursuant to 18 U.S.C. § 924(e)(2)(A) is a question for the Court to decide.[28] But the two additional factual predicates (more than one year of imprisonment and release within fifteen years) that would increase the mandatory minimum sentence are based on events occurring only after the conviction. By definition, they fall outside the narrow "fact of conviction."[29] Because such facts, if proven, would "increase the mandatory minimum sentence," they are "elements and must be submitted to the jury and found beyond a reasonable doubt."[30]

The Court notes that the Department of Justice's (DOJ) own policy in 2019 supports this holding. On June 3, 2019, the Executive Office for United States

---

[27] 21 U.S.C. § 802(57).

[28] *See Descamps v. United States*, 570 U.S. 254, 261 (2013) (holding that when "determining [whether] a defendant's prior conviction counts as one of ACCA's enumerated predicate offenses[,] . . . [s]entencing courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions'" (emphasis in the original) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990))).

[29] *Fields*, 435 F. Supp. 3d at 764.

[30] *Alleyne*, 570 U.S. at 108.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 7 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 7 of 14

Attorneys issued a memorandum regarding the First Step Act and specifically stated that the two additional factual predicates should be sent to the jury:

> In the second phase, the jury should be issued a special verdict form asking it to find, beyond a reasonable doubt, two facts for each "serious drug felony" predicate: (1) that the defendant served more than 12 months in prison for the predicate conviction; and (2) that he was released from serving any term of imprisonment for that offense within 15 years of the commencement of the underlying drug-trafficking offense (identified in the special verdict form by count number).[31]

While the Court is unaware if this policy has since been rescinded or if it is still the DOJ's stance, DOJ's interpretation of the Sixth Amendment interplay with the FSA is persuasive.

In *United States v. Fields*, the Eastern District of Kentucky found that a jury, and not the court, is required to make the findings about the length of a defendant's prior term of imprisonment and the 15-year release window.[32] The court determined that "[t]hese post-conviction factual criteria, which raise the sentencing floor and/or ceiling, are for the jury alone to evaluate."[33]

On appeal, the Sixth Circuit stated in dicta that the lower court's finding that the Sixth Amendment would require a jury to decide the two factual predicates was

---

[31] *See* United States' Trial Memorandum in Support of Proposed Jury Instructions at 2, *Fields*, 435 F. Supp. 3d at 764 (Case No. 6:19-CR-29-REW-HAI), ECF No. 56.

[32] 435 F. Supp. 3d 761. The *Fields* court "bifurcated the guilt and penalty phases" to avoid "jury consideration of [defendant]'s (potentially prejudicial) prior convictions unless and until those convictions became relevant to the authorized penalty for a § 841 . . . offense." 435 F. Supp. 3d at 765.

[33] *Fields*, 435 F. Supp. 3d at 765.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 8 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 8 of 14

"intuitive" and "persuasive."[34]  The Circuit Court noted that the "*Almendarez-Torres* exception [is] 'narrow' and appl[ies] only to the fact of conviction, and the First Step Act's incarceration facts extend beyond the fact of conviction."[35]  Quoting Supreme Court precedent, the Sixth Circuit added that while "'a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees[,]' . . . [t]hat rationale does not apply to post-conviction facts regarding time served or recency of release.  These are *new* facts never previously found in a proceeding with built-in constitutional protections."[36]  While the Sixth Circuit ultimately declined to decide the issue because "those facts were actually submitted to the jury," it emphasized that terming these FSA predicate facts as "fact[s] of conviction" would "cut against" the Supreme Court's "repeated descriptions of *Almendarez-Torres* as 'narrow.'"[37]

However, two district courts have disagreed.  In *United States v. Lee*, the Eastern District of North Carolina did not submit "special interrogatories to the jury related to the definition of a serious drug felony" and did not "instruct[] the jury on

---

[34] *United States v. Fields*, 53 F.4th 1027, 1036-37 (6th Cir. 2022). .

[35] *Fields*, 53 F.4th at 1036.

[36] *Fields*, 53 F.4th at 1036-37 (emphasis in the original) (quoting *Jones v. United States*, 526 U.S. 227, 249 (1999)).

[37] *Fields*, 53 F.4th at 1037-38; *see also United States v. Brown*, No. 21-1663, 2023 WL 1861318, at *8 (6th Cir. Feb. 9, 2023) ("[B]ecause *Almendarez-Torres* is a 'narrow exception to the general rule,' . . . it makes 'intuitive' sense 'that the Sixth Amendment would require the jury to decide whether, for each prior conviction, [a defendant] was incarcerated for over a year and released within fifteen years of the instant offense.'" (quoting *Fields*, 53 F.4th at 1036)).

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 9 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 9 of 14

related matters," contrary to the request of both parties.[38]  The court relied on the language in 21 U.S.C. § 851, which provides that "[t]he court shall hold a hearing to determine any issues raised by the [defendant] which would except the [defendant] from increased punishment" and that "[t]he hearing shall be before the court without a jury."  The *Lee* court held that "the plain language of the applicable statutes" does not "require the court to submit the definitional components of a 'serious drug felony' in § 802(57) to a jury," because those components "require [no] qualitative analysis or speculation" and are "encompasse[d]" within "the fact 'of a prior conviction'" so as to fall within *Apprendi v. New Jersey*'s prior conviction exception.[39]  This Court disagrees and finds that the incarceration-related facts go beyond the simple "fact of a prior conviction," and that these factual sentencing enhancement predicates must be submitted to a jury pursuant to the Sixth Amendment rather than determined by the sentencing court in a § 851 hearing.

Similar to *Lee*, in *United States v. Fitch*, the Northern District of Indiana held that the jury would not be tasked with making any fact findings related to the 21 U.S.C. § 841 enhanced penalty provision, despite the Government's request in that case that it do so.[40]  The *Fitch* court also noted that "the plain language of § 851" provides that "the Court must hold a hearing to determine . . . eligibility for the

---

[38] Case No. 7:18-CR-153-FL-1, 2021 WL 640028, at *1 (E.D.N.C. Feb. 18, 2021).

[39] *Lee*, 2021 WL 640028, at *5-7; *Apprendi*, 530 U.S. at 490.

[40] Case No. 1:19-CR-30-HAB, 2022 WL 1165000, at *1 (N.D. Ind. Apr. 19, 2022).

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 10 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 10 of 14

increased penalties," and determined that "[t]here is no basis at all in the text of [the statute] that would allow a jury to make this determination."[41] The court also found that "while the First Step Act enlarged the inquiry into facts surrounding a prior conviction, those facts fall under the umbrella of 'fact[s] of a prior conviction.'"[42] For the same reasons set forth above, this Court disagrees with this reasoning.

The Government acknowledges that in order to prove these predicate facts, it intended to rely on the State of Alaska Department of Corrections records.[43] While the fact that a defendant was convicted of a crime can, as a general rule, be clearly determined through court records, there are potentially many factual disputes regarding the length and time of incarceration. For example, was a defendant "serving any term of imprisonment" if he was at a residential reentry facility or on house arrest? And if the defendant serving sentences for both a serious drug felony and another crime, there could be factual disputes as to the length of the applicable term of imprisonment and when that term ended. Resolving these types of disputes could well require a qualitative analysis by a fact finder.

---

[41] *Fitch*, 2022 WL 1165000, at *1-2.

[42] *Fitch*, 2022 WL 1165000, at *2 (alteration in the original) (citing *United States v. Thompson*, 421 F.3d 278, 282 (4th Cir. 2005)).

[43] *See* Docket 365 at 11-12.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 11 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 11 of 14

The Court notes that in *Fields*, the Sixth Circuit held that § 851 did not violate the Sixth Amendment on its face.[44] It did so by holding that § 851 does not preclude a court from sending the incarceration-related facts to the jury via a bifurcated proceeding at trial, just as the trial court had done in that case.[45] Further, because the lower court had submitted the factual predicates to the jury, the Sixth Circuit also held that there was no constitutional violation.[46] Despite alluding to the tension between § 851 and the Sixth Amendment, neither party in this case raises a contention that § 851 is unconstitutional as applied in this context. Thus, the Court need not and does not reach the issue here.

For the foregoing reasons, the Court finds that the two additional factual predicates specified in 21 U.S.C. § 802(57) are "[f]acts that increase the mandatory minimum sentence" and "must be submitted to the jury and found beyond a reasonable doubt."[47]

## II. Double Jeopardy

Mr. Delpriore asserts that "[i]t would violate double jeopardy to allow the Government to reopen the evidence and submit the necessary factual predicates to a jury on the 'serious drug felony'" in the instant case, and that it would be

---

[44] *Fields*, 53 F.4th at 1038.

[45] *See Fields*, 53 F.4th at 1040-43 (stating that "when a statute is susceptible of two plausible . . . constructions, one of which would raise a multitude of constitutional problems, the other should prevail" (internal quotations and citation omitted)).

[46] *Fields*, 53 F.4th at 1038.

[47] *Alleyne*, 570 U.S. at 108.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 12 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 12 of 14

inappropriate to re-empanel the jury after they have been discharged to decide the predicate facts for the enhanced penalty provision.[48] The Government does not address this point.

"[J]eopardy attaches when the jury is empaneled and sworn."[49] Although "a district court has the inherent power" to recall a jury after discharge in a civil context, it is unclear whether a court can do the same in a criminal case.[50] But even if the Court had the power to recall a jury after discharge in a criminal case, too much time has passed in the instant case. The jury found Mr. Delpriore guilty of his federal drug and firearms offenses in September of 2022.[51] It is now March of 2023, and reconvening the jury at a time suitable for all parties would likely take at least another month. Therefore, because jeopardy has attached and re-empaneling the jury would result in prejudice, the Government is precluded from submitting the necessary factual predicates to the jury at this time.

---

[48] Docket 370 at 9-10.

[49] *Crist v. Bretz*, 437 U.S. 28, 36 (1978).

[50] *Dietz v. Bouldin*, 579 U.S. 40, 48 (2016). The Supreme Court explicitly limited this power to civil cases only and did not address "whether it would be appropriate to recall a jury after discharge in a criminal case." *Dietz*, 579 U.S. at 51.

[51] *See* Docket 308.

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 13 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 13 of 14

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's *Motion to Strike Enhanced Statutory Penalty Provisions* at Docket 359 is GRANTED.

DATED this 20th day of March, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00136-SLG-MMS, *USA v. Delpriore*
Order re Motion to Strike Enhanced Statutory Penalty Provisions
Page 14 of 14
Case 3:18-cr-00136-SLG-MMS   Document 382   Filed 03/20/23   Page 14 of 14